IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


DAVID LEE MOORE,

      Plaintiff,

vs.                                                 Case No. 4:14cv241-WS/CAS

MICHAEL D. CREWS,
et al.,

      Defendants.

_____/


## REPORT AND RECOMMENDATION

     After Defendants removed this case pursuant to 28 U.S.C. § 1441, the pro se

Plaintiff has twice been directed to amend the complaint.  Docs. 5, 11.  Plaintiff's second

amended complaint, doc. 14, has now been reviewed as required by 28 U.S.C. §

1915A.  Despite court orders which have detailed the various deficiencies with the

complaints, Plaintiff has still not submitted a viable complaint.

     Plaintiff was informed that it is not sufficient to state that he does not have the

documentation to list his "total litigative history."  Plaintiff says the information was

confiscated by jail administrators on February 20, 2014.  Doc. 14 at 3.  Plaintiff has had

ample opportunity to obtain the information he needs to honestly and completely

disclose his prior cases.  Plaintiff has listed a few cases but, notably, Plaintiff has not

listed a single case which he acknowledges was dismissed as frivolous or malicious, or

for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff did list one case

which was dismissed due to the "three strikes provision" in 2012, but Plaintiff provided

only partial information for that case, including the case number.  Review of the Report

and Recommendation entered in that case[1] provides a listing for Plaintiff of cases which

count as a "strike."  Plaintiff should review that Report and Recommendation and obtain

the information which he needs to properly disclose all prior cases.  Plaintiff's refusal to

provide the information when directed by court Order to do so, *see* doc. 11, is bad faith.

Such conduct is sanctionable and this case may be dismissed for Plaintiff's failure to

comply.  *See* Harris v. Warden, 498 F.App'x 962, 964-65 (11th Cir. 2012) (affirming

dismissal of complaint as a sanction for failing to disclose his prior litigation history);

Shelton v. Rohrs, 406 F.App'x 340 (11th Cir. 2010) (same).

        Furthermore, Plaintiff was advised that a complaint which presents only

conclusory allegations rather than factual statements is insufficient.  Doc. 11.  Plaintiff's

second amended complaint continues that practice.  For example, Plaintiff alleges that

"delays in providing medical treatment for the Plaintiff['s] serious medical need and the

provision of improper and inadequate medical treatment were the direct results of

Defendant Michael D. Crews . . .  policies, customs and practice and procedures."  Doc.

14 at 11.  Those are legal conclusions, not facts.  Plaintiff does not point to any specific

policy or custom implemented by Defendant Crews which impacted Plaintiff's medical

treatment, despite the fact that the prior Order pointed out this deficiency to Plaintiff.

*See* doc. 11.  Plaintiff contends that the alleged failure to provide him with medical care

---

        [1] Plaintiff is advised that the correct case number is 2:12cv14434-DLG.  It was
dismissed on January 2, 2013, pursuant to 28 U.S.C. § 1915(g).

was based on monetary concerns, but Plaintiff does not explain what treatment he received or what treatment he believes he would have received for scabies if "cost saving methods" were not used.  Plaintiff's allegations lack any factual support and are insufficient.

In addition, Plaintiff alleges the Defendant Crews "and his employees and agent[s] . . . took no action" to treat his scabies skin infection, or that the Defendants failed to provide him reasonable medical care.  As Plaintiff was previously informed, Plaintiff must provide <u>facts</u> which state what each named Defendant did or did not do.  Such statements are especially important in a case with multiple Defendants so that each Defendant can know what Plaintiff alleges he or she failed to do.  Plaintiff cannot lump all Defendants together, claiming they collectively did not provide him with needed medical care.

Specific factual allegations concerning how each named Defendant was involved is especially important because Defendants Crews, Skipper, Cowart, and McCracken are not medical staff but are supervisory prison officials.  Plaintiff's complaint concerning the failure to receive treatment for scabies only names two Defendants who are medical professionals: Dr. Bhadja and Nurse Practitioner Bass.  Plaintiff provides no specific facts which show how the non-medical Defendants denied him medical care.  It is apparent that they are named solely because they have supervisory roles with the Department of Corrections.  That is insufficient to state a claim because the doctrine of *respondeat superior* does not provide a basis for recovery under § l983.  <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  There must be some

causal connection between each defendant named and the injury allegedly sustained, and that connection must be more than the fact that a named Defendant has a supervisory role over another.  Furthermore, the denial of a grievance is not a sufficient basis to state a claim against supervisory officials.  "Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person[2] does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied."  Owens v. Leavins, 5:05cv228, 2006 WL 2640275, at *4 (N.D. Fla. Sept. 13, 2006); Holmes v. Correction Corp. of America, 2011 WL 3490086, at *1 (S.D. Ga. Aug. 9, 2011); Tariq v. Chatman, 2012 WL 3626827, at *1 (M.D. Ga. Aug. 22, 2012).  Plaintiff's second amended complaint is insufficient to state a claim against Defendants Crews, Skipper, Cowart, and McCracken.

Plaintiff alleges that Defendant Dr. Haridas Bhadja "intentionally allow [sic] the infection to spread over 95% of the Plaintiff's body and refused to provide the Plaintiff with reasonable medical treatment for a serious medical need because Plaintiff had filed a formal grievances [sic] against him and William Bass, N.P. . . ."  Doc. 14 at 18. Plaintiff continues to provide only conclusory allegations, not facts which state when Plaintiff was examined by Dr. Bhadja, what symptoms he was experiencing, and state what that Defendant did or said.  Plaintiff's allegations reveal that Dr. Bhadja diagnosed Plaintiff with only "dry skin," not scabies.  *Id.* at 19.  Plaintiff's disagreement with that

---

[2] "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.' "  Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994), *quoted in* Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999).

diagnosis and the treatment plan provided does not state a claim under the Eighth Amendment.

Similarly, Plaintiff's allegations against nurse practitioner William Bass still do not provide the facts to support an Eighth Amendment claim.  Plaintiff must do more than state that Defendant Bass failed "to provide adequate medical treatment for a scabies skin infection . . . ."  Plaintiff does not state when he was examined by Defendant Bass or what that Defendant said or did in the examination.  Plaintiff does not identify what treatment was provided or what more should have been done.  Plaintiff suggests that other unidentified nurse said "Plaintiff did in fact have a scabies skin infection," but Plaintiff does not identify any other nurse who examined Plaintiff and diagnosed him with scabies, nor does Plaintiff state when other nurses saw Plaintiff.  Furthermore, assuming the truthfulness of that assertion, Plaintiff should have received treatment by those other nurses.  If they did not provide Plaintiff treatment, it is inconceivable that Plaintiff would not have named them as Defendants in this case as well.  Plaintiff's conclusory allegations against Defendants Bhadja and Bass are insufficient to state a claim.

Because Plaintiff did not correct the numerous deficiencies pointed out to him in the prior Order, further opportunities to submit a third amended complaint should not be provided.  Plaintiff's second amended complaint should be dismissed for failing to state a claim upon which relief may be granted.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 14, be **DISMISSED** for failure to state a claim upon which relief may be granted

pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 24, 2014.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**